15415

HENDLEY *ET AL.* v. PAYNE *ET AL.*

(20 S. E. (2d), 401)

October, 1941.

*Mr. Heyward Brockinton* and *Mr. Ehrlich Thompson*, both of Columbia, S. C., counsel for appellant,

*Miss Alice Robinson* and *Mr. Jos. L. Nettles, Jr.,* both of Columbia, S. C., counsel for respondents,

May 25, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES:

Mrs. Dovie Hyatt Lorick of Columbia died early in 1941, leaving of force her will, afterward duly admitted to probate in Richland County, in which it was provided in Item 12 as follows: "I give and bequeath unto my trustees hereinafter named, my engagement ring, my flat silver punch bowls and ladles, my largest silver tray, my coffee service, one dozen goblets engraved 'D. H. L.,' all of the furniture and fixtures in my home, my diamond wrist watch and my other jewelry not hereinabove specifically bequeathed, and all other items of my personal effects, my clothing, my linen and the like, which have not been disposed of in this will. These are to be held in trust until my niece, Dovie Hyatt Payne, reaches the age of twenty-one (21) years, at which time title to them shall vest in her. My trustees are authorized to turn over my clothing to her immediately upon my death and to allow her the use of such of the other items listed herein as in their judgment is desirable before she reaches the age of twenty-one (21). In case she dies before she reaches the age of twenty-one (21) I give and bequeath these articles to my brothers, Sidney Brown Hyatt, and Fred H. Hyatt, and to my sisters, Edna Hyatt Zobel, Minnie Hyatt Aughtry and Monte Hyatt Nicholson, share and share alike, the child or children of a deceased brother or sister to take his or her share."

This action was brought by the executors, who are also the trustees, to, among other things, obtain the sanction of the Court of the sale of some of the furniture, other than that selected for use by the niece of the testatrix who it appears formerly lived with her benefactress, was thirteen years old when the action was brought and was then living with her father who, however, died during the pendency of the appeal. It was alleged that the only alternative is to store such now unneeded furniture, the expense of which would be relatively high and the articles would deteriorate and depreciate in value during the apparently necessary period of preservation, until the beneficiary reaches the age of twenty-

one. It is in the former home of the testatrix which passed otherwise under a different devise of the will and has to be removed therefrom.

These allegations were sustained by proof but the Master held that under the terms of the will storage of the furniture is obligatory. Upon exceptions the trial Judge decided otherwise, to wit, that the proposed sale would be proper and advantageous and directed such, and the trustees will hold and invest the proceeds subject to the disposition prescribed by the quoted terms of the will; and the circuit order provided that the contingent remaindermen, the brothers and sisters of the testatrix, be permitted to purchase any item of the furniture at its respective appraised value.

The contingent remaindermen aforementioned, although all were duly served with process, did not answer and are in default. However, two of the sisters of the testatrix testified, declining to consent to the proposed sale, but one of the brothers testified and said that he was expressing his views and desires and those of the other and that the relief sought should be granted for the reasons alleged and he, in effect, joined in the prayer of the complaint. The testimony of the sisters has been carefully reviewed and we find in it no reason for denial of the relief sought. They simply said that they would prefer that the furniture be stored and that such course would accord with the intention of the testatrix which they found from their consideration of the will.

The guardian *ad litem* has appealed upon several exceptions which his counsel contend charge error in the construction by the Circuit Court of the powers of the executors and trustees to sell the property of the estate and in permitting the contingent remaindermen to purchase articles of furniture at the appraised value before offering it at private or public sale to others.

No real issue is made by the pleadings with respect to the matters referred to in the exceptions, and all of the proceedings in the Court below indicate that the

relief granted was in accord with the views and wishes of the infant and her father, her guardian *ad litem,* but in view of the minority of the infant and the well-known zeal of a court of equity for the care and preservation of the property of such, careful consideration has been given to the exceptions and we find no merit in them except that relating to the provision of the order whereby the contingent remaindermen are given the refusal of the purchase of the furniture and any article of it at the appraised value. This might produce a lower price than if the furniture were offered to the public generally, so the appeal is sustained to that extent and the provision in the judgment for the refusal to purchase by the contingent remaindermen is stricken out, and it is otherwise affirmed.

The circuit order, though brief, is well considered; we quote from it with approval, the following:

"Each article of furniture has been separately appraised by competent appraisers appointed by the Probate Court for Richland County, a copy of which appraisal is on file in the said Probate Court. It appears from this appraisal that the furniture is not of any particular outstanding value.

"In placing a reasonable interpretation upon the provisions of the will, the Court will take cognizance of the fact that stored furniture deteriorates rapidly in values, and that storage charged would amount to a large total over a period of eight years, until Dovie Hyatt Payne reaches the age of twenty-one years. It does not seem reasonable to the Court that the testatrix would have expected the trustees to expend this large sum of money in storing furniture of no particular value and which at the expiration of eight years would have substantially deteriorated.

"The trustees are authorized to allow Dovie Hyatt Payne the use of some of the furniture at this time. They may also decide to store some particular items for her use at a later date. In deciding which items to deliver to her now and

which items to store, the trustees will undoubtedly give consideration to her wishes, but under the will the decision is theirs."

"It is so generally conceded that the court of equity has power to order the sale of trust property and reinvest the funds that it is not even necessary to point to authority for that proposition." *Kirton v. Howard*, 137 S. C., 11, 134 S. E., 859, 864. But see the other South Carolina cases in 33 West's S. E. Digest 165 and supplement, Trusts, Key No. 193½.

Judgment modified.

MR. CHIEF JUSTICE BONHAM, MR. ASSOCIATE JUSTICE FISHBURNE, and CIRCUIT JUDGES PHILIP H. STOLL and E. H. HENDERSON, ACTING ASSOCIATE JUSTICES, concur.